IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-00263-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RASHON DONTE HUNTER (4) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's pro se motion to amend the judgment and commitment order entered April 20, 2015. (Doc. No. 427).

The defendant was brought to federal court from state custody on a writ of habeas corpus ad prosequendum. (Doc. No. 31: Writ; Doc. No. 97: Executed Arrest Warrant). He asserts that a state court imposed a prison term concurrent with his federal sentence after he was returned to state custody and requests that the Court issue an amended judgment specifying the date he came into federal custody as the date his federal sentence commenced for the purpose of calculating his jail credit. (Doc. No. 427: Motion at 5).

It is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F.3d 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). Although the defendant seeks credit for spent in official detention under 18 U.S.C. § 3585(b), that statute prohibits awarding credit for time that has been credited against another sentence. If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[1] Id. Additionally, a

---

[1] The defendant is incarcerated at FCI-Butner, which is in the Eastern District of North Carolina. (Doc. No. 427: Motion at 7).

federal court has discretion to announce whether its sentence will be served concurrently with or consecutively to an anticipated state sentence, Setser v. United States, 132 S. Ct. 1463, 1468 (2012); however, that issue was not addressed in the sentencing proceedings before this Court, and the defendant has not shown any authority to alter the final Judgment.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for an amended judgment, (Doc. No. 427), is **DENIED**.

Signed: November 15, 2016

Robert J. Conrad, Jr.
United States District Judge